

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-25-2005

# Newell v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1455

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Newell v. Comm Social Security" (2005). *2005 Decisions*. Paper 1553.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1553

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-1455

———

JANICE NEWELL

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 01-2850)
District Judge: Honorable Anne E. Thompson

———

Submitted November 3, 2004
Before: ALITO, BARRY, and FUENTES, Circuit Judges.

(Filed January 25, 2005)

OPINION OF THE COURT

———

FUENTES, Circuit Judge.

   Plaintiff-Appellant Janice Newell appeals the amount of attorney fees awarded per

order by the United States District Court for the District of New Jersey pursuant to the Equal Access

to Justice Act ("EAJA"), 28 U.S.C. § 2412.[1]  We remand for further proceedings consistent with this decision.

## I. Facts

Newell applied to the Social Security Administration for widow's disability benefits.  Her application was denied initially and upon reconsideration.  Subsequently, an Administrative Law Judge ("ALJ") denied her application and the Appeals Council concluded that there was no ground

---

[1]The EAJA provides in pertinent part:

> (d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

> (B) A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified.

28 U.S.C. § 2412(d)(1)(A-B).

for further review. Newell challenged the Commissioner's ruling in the United States District Court for the District of New Jersey. The District Court affirmed the Commissioner's ruling. Thereafter, Newell filed an appeal with this Court, advancing two arguments in support of her position: (1) the ALJ failed to analyze the evidence, review the testimony, or offer expert medical opinion as to her impairments prior to the expiration of her insurance status, and (2) the ALJ neglected to explain why he rejected Newell's argument that the expiration of her insured status for widow's benefits should have been extended until August of 1998. At oral arguments before this Court, Newell abandoned the second of the two arguments, thus accepting August 31, 1997 as the cut-off date. In October of 2003, we issued an opinion reversing the decision of the District Court and remanding the case for further proceedings before the Commission. *See Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 549-550 (3d Cir. 2003). Following our remand, Newell filed an application with the District Court for attorney fees in the amount of $8,299. The Commissioner opposed the motion on the grounds that the Commissioner's position was "substantially justified" in accordance with *Morgan v. Perry*, 142 F.3d 670, 682 (3d Cir. 1998) (attorney fees and costs will not be granted upon a finding that the government's position was "substantially justified"). The District Court concluded that the Commissioner's position was not substantially justified, but then awarded Newell only half of the attorney fees requested because Newell withdrew one of the two arguments initially advanced. The District Court noted:

> The Equal Access to Justice Act was not intended to fund the maintenance of claims with no legal basis. However, counsel's affidavit in support of his motion does not delineate the hours spent on each of the two issues. Because Plaintiff only raised two issues on appeal, and her counsel withdrew one at

3

oral argument because it was not supportable, this Court will reduce counsel's requested amount by half.

This timely appeal followed.

## II. Jurisdiction and Standard of Review

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. We generally review an award of attorney fees under the EAJA under an abuse of discretion standard. *Newmark v. Principi*, 283 F.3d 172, 174 (3d Cir. 2002).

## III. Discussion

Generally speaking, a "party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable." *See Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). And, in any case implicating the provisions of the EAJA, "it is important 'for the district court to provide a concise but clear explanation of its reasons for the fee award.'" *United States v. Eleven Vehicles*, 200 F.3d 203, 211 (3d Cir. 2000) (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). *See also Ranco Indus. Products Corp. v. Dunlap*, 776 F.2d 1135,1140 (3d Cir. 1985) ("the district court [must] explain on the record the basis for its calculation" when determining attorney fee awards).

Here, Newell's counsel did not delineate the hours spent on each of the two original claims. In response, the District Court simply reduced the requested attorney fees award in half because one of the two arguments originally advanced was abandoned. While this award may in

4

fact may be the correct result, the methodology employed by the District Court to reach this conclusion was inadequate. The failure of Newell's attorney to set out a full and complete accounting of the work performed does not discharge the District Court of its responsibility to explicate, on the record, a basis for the award. It does not appear that the District Court conducted a hearing, requested an itemization of the time spent per argument, or otherwise tried to calculate how many of the total hours expended by Newell's attorney were devoted to the abandoned argument. Cutting the award in half because one half of the arguments was abandoned, irrespective of how many work hours were spent on each argument, does not comport with the requirement of *Eleven Vehicles, Dunlap,* and *Rode* that the District Court provide an explained reason as to why the requested attorneys fees were deemed unreasonable and excessive. Accordingly, we remand to the District Court for the purpose of determining the appropriate attorney fees to be awarded based on the time expended multiplied by a reasonable hourly rate. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

We have considered all of the other arguments advanced by the parties and conclude that they are without merit. Accordingly, the judgment of the District Court will be vacated.